UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
JUL 14 2011

OLD REPUBLIC INSURANCE COMPANY,
as subrogee of TIDEWATER FIBRE
CORPORATION,

    Plaintiff,

v.

SPRING MENDERS, INC.

    Defendant.

Civil Action No. 2:11cv69

## OPINION AND ORDER

This matter is before the Court on Spring Menders, Incorporated's ("Spring Menders" or "Defendant") motion to dismiss Old Republic Insurance Company's ("Old Republic" or "Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After examining the motion, associated briefs, and the Complaint, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). Therefore, the matter is now ripe for decision and, for the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## I. Facts and Procedural History[1]

### A. Facts

Plaintiff is an insurance company existing under the laws of Pennsylvania with its principal place of business also in Pennsylvania. Compl. ¶ 1. At all times relevant to this action, Plaintiff provided insurance coverage to a company known as Tidewater Fibre Corporation ("Tidewater Fibre"). Compl. ¶ 2. This insurance coverage applied to, among other things, a 2005 Mack Truck. Id. At some point prior to June 4, 2009, Tidewater Fibre brought the Mack Truck to Spring Menders for repairs. According to the Complaint, Spring Menders agreed to repair springs and/or install new springs on the truck in return for a price to be paid by Tidewater Fibre. Compl. ¶ 7. On June 4, 2009, while the truck was on Spring Menders' premises, Spring Menders performed work on the truck. Compl. ¶ 9. The Complaint alleges that this work included so called "hot work," which involved the use of a torch and/or welding equipment. Id.

---

[1] The facts recited here are drawn from Plaintiff's Complaint and are assumed true for the purpose of deciding the motion currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motion to dismiss. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, 591 F.3d 250, 255 (4th Cir. 2009) ("...in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

2

While the truck was still on Spring Menders' premises, "a fire originated at and/or near the truck, thereby exposing the truck to a severe fire, and resulting in damages in the approximate amount of $151,000." Compl. ¶ 10. In response, Tidewater Fibre submitted an insurance claim to Old Republic, which Old Republic paid. Compl. ¶ 11. The total amount of this payment was $149,750.00 - the amount of the damages minus $1,500 in salvage. Id. As a result of this payment, the Complaint alleges that Old Republic, as a subrogee of Tidewater Fibre, has obtained the same rights that Tidewater Fibre had or has against any third party responsible for the loss of the truck. Compl. ¶ 12.

### B. Procedural History

Based on these factual underpinnings, on February 4, 2011, Plaintiff filed a Complaint in this Court alleging two causes of action against Defendant. In Count I, Plaintiff accuses Defendant of negligence. According to the Complaint, Defendant owed a duty to Tidewater Fibre to perform the work in a manner so as to not cause a fire and damage to the truck. Compl. ¶ 14. Defendant allegedly breached this duty, which resulted in damages to the truck. In Count II, Plaintiff alleges that Defendant breached a contract that existed between Tidewater Fibre and Defendant. Specifically, Plaintiff asserts that Defendant had a contractual obligation to properly perform the

work on the Mack truck, and by performing the work in a manner that caused the fire, Defendant breached that contractual obligation. Compl. ¶ 19.

In response to Plaintiff's Complaint, on February 28, 2011, Defendant filed the present motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. According to the memorandum in support of this motion, Defendant claims that Count I must be dismissed because Plaintiff has failed to allege the breach of a common law duty that Defendant owed to Plaintiff. Thus, Defendant contends, there is no basis for a negligence action. Additionally, Defendant argues that Plaintiff's negligence allegations fail to meet the plausibility standard established by Twombly.

With respect to Count II, Defendant contends that the claim must be dismissed because Plaintiff has failed to allege a specific contractual duty that Defendant owed to Plaintiff. Moreover, according to Defendant, Plaintiff has also not pled facts that rise above the speculative level, once again, as articulated by Twombly.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss filed

pursuant to Rule 12(b)(6) must assess the legal sufficiency of the allegations in the plaintiff's complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Requiring a claim be plausible does not impose a probability requirement at the pleading stage. Id. at 556. However, it does ask for more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the

5

facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "...give the defendant fair notice of what the...claim is and the grounds upon which it rests...." Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." Id. at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance...dismissals based on a judge's disbelief of a complaint's factual allegations." Id. at 556 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

6

## III. Discussion

### A. Negligence

#### 1. common law duty

In Defendant's memorandum in support of its motion to dismiss, it makes two principal arguments as to why Plaintiff's claim for negligence should be dismissed. First, Defendant argues that Plaintiff has failed to allege facts supporting a cause of action for negligence because Plaintiff does not allege that Defendant breached a common law duty, but rather, only alleges that Defendant breached a duty owed to Plaintiff by dint of a contract between Defendant and Plaintiff's insured. Second, Defendant contends that Plaintiff's Complaint fails to state sufficient facts necessary to raise its claim from the level of speculative to the level of plausible, as required by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The Court will address these contentions in turn.

This case was brought before the Court on diversity jurisdiction under 28 U.S.C. § 1332. "When a case involves [] diversity jurisdiction, [] [a court] appl[ies] the law that would have been applied by the state court in the state where the district court sits." Tobacco Tech., Inc. v. Taiga Int'l N.V., 388 F. App'x. 362, 368 (4th Cir. 2010) (citing Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d

7

581, 599-600 (4th Cir. 2004)). Since neither party disputes that Virginia law applies, the Court will apply it here.

The Supreme Court of Virginia has recognized that "'a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages.'" Kaltman v. All Am. Pest Control, Inc., 281 Va. 483, 491 (2011) (quoting Dunn Constr. Co. v. Cloney, 278 Va. 260, 266-67 (2009)). However, in order to "avoid turning every breach of contract into a tort," the Supreme Court of Virginia has "consistently adhered to the rule that, in order to recover in tort, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.'" Dunn Constr. Co., 278 Va. at 267 (quoting Foreign Mission Bd. of S. Baptist Convention v. Wade, 242 Va. 234, 241 (1991)). As a result, the Court must determine if Plaintiff has alleged the violation of a common law duty upon which it could build its negligence claim.

The Court concludes that Plaintiff has alleged the violation of such a duty. When Tidewater Fibre turned its truck over to Defendant so that Defendant could make the requisite repairs, a bailment relationship was created, with Defendant

8

being the bailee. See J.C. Penney Co. v. D.D. Jones Transfer & Warehouse Co., 408 F.2d 678, 680 (4th Cir. 1969) (discussing the facts of another case and stating that that case "dealt with the liability of a bailee who was a mechanic"); Volvo White Truck Corp. v. Vineyard, 239 Va. 87, 89-91 (1990) (imputing a bailor/bailee relationship to a situation where a party dropped off his tractor with a mechanic for routine maintenance to be performed); Hartford Accident & Indemn. Co. v. Peach, 193 Va. 260, 263, 267 (1952) (implying that a bailment situation is created when a car is entrusted to a mechanic). Such a relationship creates a duty in the bailee.

> When a bailment is for the mutual benefit of the bailor and bailee, the bailee must use ordinary care for the protection, preservation, and return of the bailed property. If the bailee fails to use ordinary care, he is liable to the bailor for any loss or damage to the property resulting from the bailee's failure.

Volvo White Truck Corp., 239 Va. at 91. This duty is separate and distinct from any contractual duty that may exist between the parties and Plaintiff may sue under both a contract theory and a negligence theory. See id. at 91-93.

In a case similar to the present one, Revenue Aero Club, Inc. v. Alexandria Airport, Inc., the plaintiff left its airplane in the possession of the defendants so that it could be repaired. 192 Va. 231, 232 (1951). While in the defendants' possession, the airplane was destroyed by fire. Id. The

plaintiff brought an action to recover the value of the airplane, alleging two separate bases for recovery. As to the first basis, the plaintiff alleged that the parties "had entered into a contract whereby the plaintiff had delivered the plane to the defendants, to be repaired and returned to the plaintiff in good condition" and as a result of the fire "the defendants had breached the contract and had failed to return the plane to the plaintiff in good repair and condition, as agreed." Id. at 232-33. With respect to the second basis, the plaintiff contended that the fire indicated "that the defendants were negligent in their care and control of the plane, in that they failed and neglected 'to take adequate measures and precautions to prevent the breaking out or occurrence of the fire or the spread thereof....'" Id. at 233.

Although the issue that the Supreme Court of Virginia was asked to decide in Revenue Aero Club, Inc. is not immediately relevant in the present case, the Supreme Court did not take issue with the fact that the plaintiff brought both contract and negligence actions against the defendants. As a result, this Court reads Revenue Aero Club, Inc. as supporting the premise that a bailor can maintain an action under both a theory of breach of contract and a theory of negligence on the part of the bailee when the chattel is destroyed during the period of the bailment. See Yoemans v. Morison, 45 Va. Cir. 409, 410 (Loudon

Cnty. 1998) (citations omitted) ("An aggrieved bailor may sue his bailee in either tort or contract."). Consequently, Plaintiff has pled a common law duty, separate and distinct from any contractual duty allegedly owed by Defendant, that is actionable in a negligence claim.

## 2. factual sufficiency

Defendant also claims that Plaintiff has failed to plead facts sufficient to nudge its negligence claim from the level of speculative to the level of plausible, as required by <u>Twombly</u>. After examining the allegations in the Complaint, the Court concludes that although the allegations of negligence are scant, Plaintiff has pled sufficient facts to withstand a motion to dismiss. In the present case, Plaintiff has alleged that Tidewater Fibre brought its truck to Defendant's locale to repair and/or replace damaged springs. Compl. ¶¶ 6-8. While on the premises, Defendant allegedly performed "hot work" on the vehicle, which involved the use of a torch and/or other welding equipment. Compl. ¶ 9. Subsequently, a fire broke out "at and/or near the truck, thereby exposing the truck to a severe fire, and resulting in damages in the approximate amount of $151,000." Compl. ¶ 10. As to the cause of this damage, the Complaint alleges that "Spring Menders negligently failed to properly and/or safely perform its work, and/or to safely operate and maintain its premises." Compl. ¶ 15.

While the Court certainly cannot <u>conclude</u> at this point that the fire resulted from negligence on the part of Defendant, Plaintiff has pled facts indicating that negligence is a facially plausible explanation for the truck's ultimate demise. As noted above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. The Court does not find it unreasonable to infer, at this point in the proceedings, that a fire that broke out in the vicinity of a torch or other welding equipment resulted from Defendant's negligence. Consequently, the Court declines to dismiss Count I of Plaintiff's Complaint.

## B. Breach of Contract

Much like Defendant's motion to dismiss with respect to Plaintiff's negligence claim, Defendant also asserts two principal reasons as to why Plaintiff's breach of contract claim should also be dismissed. First, Defendant argues that Plaintiff cannot recover for breach of contract because it "has not cited any specific provision of a contract between Tidewater Fibre and the defendant which imposes upon the defendant an affirmative duty to prevent damage of the type complained of in plaintiff's Complaint." Mem. Supp. Mot. Dismiss 3-4. Second, Defendant contends that Plaintiff has failed to state a

plausible claim for breach of contract and, therefore, the Complaint fails to pass muster under Twombly.

### 1. breach allegations

As to Defendant's first argument, the Court concludes that Plaintiff has sufficiently pled the terms of a contract allegedly breached by Defendant. According to the Complaint, "Tidewater Fibre and Spring Menders had entered into an agreement whereby Spring Menders agreed to repair springs and/or install new springs on the aforesaid Mack truck in return for a price to be paid by Tidewater Fibre." Compl. ¶ 7. Pursuant to that agreement, Spring Menders took the truck inside its premises. Compl. ¶ 8. Plaintiff alleges this created in Spring Menders a "contractual obligation to properly perform its aforesaid work" and the subsequent fire represented a breach of said contractual obligations. Compl. ¶¶ 18-20. In Defendant's motion to dismiss, Defendant alleges that Plaintiff's Complaint is insufficient. Defendant contends that Plaintiff's Complaint must be dismissed because Plaintiff fails to plead a specific provision of the contract between Tidewater Fibre and Defendant that imposes upon Defendant a duty to prevent a truck entrusted to it from being completely consumed by fire. Defendant, however, has failed to cite to a single authority supporting its contention.

Under Virginia law,

> 'in an action *ex contractu*, where the bailor relies upon the ordinary contract of bailment without predicating his right of recovery upon the bailee's failure to exercise due care, the bailor makes out a *prima facie* case when he shows the delivery of the article to the bailee and the latter's failure to return it on demand or as agreed upon. In this situation the bailee may escape liability by showing that his failure to redeliver was because the property was lost or destroyed without his fault, but this is an affirmative defense which he must prove.'

Canty v. Wyatt Storage Corp., 208 Va. 161, 163-64 (1967) (quoting Revenue Aero Club, Inc., 192 Va. at 234). Plaintiff has pled such essential elements. Although Plaintiff's allegations regarding the specifics of the alleged contract that existed between Tidewater Fibre and Defendant could certainly be more precise, Plaintiff has sufficiently pled the *prima facie* elements of a bailment contract. According to Plaintiff's Complaint, Tidewater Fibre and Spring Menders entered into an agreement wherein Spring Menders agreed to repair Tidewater Fibre's truck in return for a price to be paid. Compl. ¶ 7. Pursuant to that agreement, Tidewater Fibre delivered the vehicle to Spring Menders premises. Compl. ¶ 8. However, due to the alleged fire, Spring Menders failed to return the truck to Tidewater Fibre in a proper condition. Compl. ¶ 10. While Spring Menders will have the opportunity to assert defenses to this contract action at a later point in the proceedings, Plaintiff has pled the requisite elements of a bailment contract

and thus the Complaint need not be dismissed for a failure to plead a specific contractual duty.

2. factual sufficiency

Defendant also contends that Plaintiff's Complaint must be dismissed because it fails to allege facts that inch Plaintiff's claims across the line from a speculative to a plausible breach of contract claim. After analyzing Plaintiff's Complaint, the Court concludes that Plaintiff has sufficiently pled a plausible right to relief under a breach of contract theory. As mentioned above, a Complaint has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Here, Plaintiff has pled factual allegations supporting the essential elements of a breach of contract claim. The facts, as pled, allow the Court to draw a reasonable inference that Defendant breached its contractual obligation and is therefore liable for the misconduct alleged. As a result, the Court declines to dismiss Count II of Plaintiff's Complaint.

## IV. Conclusion

For the reasons discussed above, the Court **DENIES** Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the Court concludes that with respect to Plaintiff's negligence claim, Plaintiff has alleged the violation of a common law duty and stated sufficient

facts which elevate its negligence claim to plausibility. Similarly, Plaintiff has also alleged that Defendant had a binding contract with Tidewater Fibre, and Defendant's actions resulted in a plausible breach of that contract. While subsequent fact-finding may certainly challenge Plaintiff's allegations, Plaintiff has alleged sufficient facts to withstand a motion to dismiss.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 13, 2011